UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| UNITE HERE RETIREMENT FUND | : | |
| | : | |
| and | : | **COMPLAINT** |
| | : | |
| TRUSTEES OF THE UNITE HERE | : | |
| RETIREMENT FUND, | : | |
| 333 Westchester Ave., North Building | : | NO.   20-cv-8005 |
| White Plains, New York 10604, | : | |
| | : | |
| *Plaintiffs*, | : | |
| v. | : | |
| | : | |
| SOHO BOUTIQUE CHICAGO, LLC | : | |
| 100 East Chestnut Street | : | |
| Chicago, IL 60611, | : | |
| | : | |
| *Defendant*. | : | |

**Introduction**

1.      This is an action to collect contributions owed to the UNITE HERE Retirement Fund ("Pension Fund"). The action is brought pursuant to the Employee Retirement Income Security Act, 29 U.S.C. §§ 1001, et seq., as amended ("ERISA").

**Jurisdiction and Venue**

2.      The Court has subject-matter jurisdiction of this action pursuant to 29 U.S.C. § 1132(a)(3) and (e)(1) because the Trustees of the Pension Fund, who are fiduciaries under ERISA, seek to enforce provisions of Title I of ERISA that require employers to make contributions to a multiemployer pension plan according to the terms of the plan, 29 U.S.C. § 1145.

3. This Court has venue over this action pursuant to 29 U.S.C. § 1132(e)(2) because this is the district in which the plaintiff Pension Fund is administered.

**Parties**

4. Plaintiff Pension Fund is a trust fund established and maintained pursuant to 29 U.S.C. § 186(c)(5). Plaintiff Pension Fund is an employee benefit plan within the meaning of ERISA, 29 U.S.C. § 1002(2) and (3), and is maintained for the purpose of providing retirement benefits to eligible employees of participating employers. Plaintiff Pension Fund is also a multiemployer pension plan within the meaning of 29 U.S.C. § 1002(37).

5. Plaintiff Trustees of the Pension Fund ("Trustees") are fiduciaries within the meaning of ERISA, 29 U.S.C. § 1002(21)(A).

6. All plaintiffs maintain their principal place of business at 333 Westchester Avenue, White Plains, New York. Plaintiff Pension Fund is administered at that location, within the Southern District of New York.

7. Plaintiffs bring this action on behalf of themselves and on behalf of the Pension Fund's participants and beneficiaries pursuant to 29 U.S.C. §§ 1132(a)(3) and 1145.

8. Defendant Soho Boutique Chicago, LLC ("Defendant") is engaged in the hospitality business and at all relevant times hereto managed the Hotel Tremont in Chicago, Illinois. It is an employer in an industry affecting commerce within the meaning of ERISA, 29 U.S.C. § 1002(5), (11) and (12) and § 1003(a)(1).

9. Defendant's principal business location is in Chicago, Illinois at the address listed in the caption.

**Statement of Facts**

10. On September 1, 2018, Chestnut Street Hotel Management, LLC ("Chestnut Street"), the predecessor company to Defendant that managed the Hotel Tremont, and UNITE HERE Locals 1 and 450 (collectively, the "Union") agreed to a collective bargaining agreement ("CBA") in which the Chestnut Street agreed to make contributions to the Pension Fund for each employee working at the Hotel Tremont in Chicago whose employment was covered by the CBA at rates specified rates therein. A copy of the CBA is attached as Exhibit A. See Exhibit A at Section 49 (pp. 35-36).

11. In or around mid-October 2019, Defendant took over the operation of the Hotel Tremont in Chicago.

12. On October 23, 2019, Defendant executed an Assumption Agreement with the Union, in which it agreed to "assume and become a party to" the CBA. A copy of the Assumption Agreement is attached as Exhibit B.

13. By agreeing to the Assumption Agreement and thus agreeing to and becoming a party to the CBA, Defendant agreed to be bound by the Agreement and Declaration of Trust of the UNITE HERE Retirement Fund to the Pension Fund, Defendant agreed to abide by the rules that govern the Pension Fund.

14. The Trustees of the Pension Fund have promulgated a Policy for the Collection of Delinquent Contributions ("Collections Policy"). A copy of the Collections Policy is attached as Exhibit C.

15.     The Collections Policy requires contributing employers, including the Defendant, to submit remittance reports along with their monthly contributions to document the amounts due on behalf of each covered employee. Exhibit C, at §I.

16.     Reports and contributions are due on the fifteenth day of the month following the reported-upon month. Exhibit C, at §I.

17.     Contributions that are not received by that deadline are charged simple interest at a rate of one percent (1%) per month or any portion of a month that the contribution is delinquent, and liquidated damages equal to twenty percent (20%) of the principal delinquency. Exhibit C, at §V. Such interest and liquidated damages charges are authorized by ERISA, 29 U.S.C. §1132(g)(2)(B)-(C),

18.     Defendant submitted a report for November 2019 which showed a contribution of $13,005.14 was due for that month, but only paid $6,503.06 leaving a balance of $6,502.08. A redacted copy of the November 2019 through March 2020 remittance reports are attached as Exhibit D.

19.     Defendant submitted reports for the months of December 2019 through March 2020, which showed a total of $47,248.31 was due, but Defendant did not submit any payment for those months. Exhibit D, pp. 2-5.

20.     Thus, Defendant accrued a principal delinquency of $53,750.39 for the November 2019 through March 2020 period.

21.     By letter dated July 15, 2020, the Pension Fund notified the Defendant of the delinquency and demanded immediate payment of the delinquent amount, as well as interest and liquidated damages. A copy of the July 15, 2020 letter is attached as Exhibit E.

22.     The Defendant failed and refused to respond to the July 15, 2020 letter.

23. On July 24, 2020, the Pension Fund, through its counsel, sent a second demand for payment of the delinquent amounts plus interest and liquidated damages, and advised the Defendant that unless the delinquency was fully paid, the Pension Fund may take legal action to collect those amounts. A copy of the July 24, 2020 letter is attached as Exhibit F.

24. While the Defendant subsequently paid the amount due for December 2019, which is referenced in the July 15 and July 24 letters, it failed to pay the balance due for November 2019, or the entire contribution for January 2020, February 2020, or March 2020, or any of the interest or liquidated damages for those months.

25. After crediting payment of the December 2019 contribution, the outstanding principal delinquency is $41,248.03 for the months of November 2019, January 2020, February 2020, and March 2020.

26. Defendant's failure to submit contributions for November 2019 and January 2020 through March 2020 violates 29 U.S.C. §1145.

27. In addition to the delinquent principal, Defendant owes interest, liquidated damages, and reasonable attorneys' fees and costs pursuant to 29 U.S.C. §1132(g)(2)(B)-(D).

Prayer for Relief

WHEREFORE, Plaintiffs Pension Fund and Trustees demand judgment for:

(a) $41,248.03 in principal delinquent contributions for the months of November 2019, January 2020, February 2020, and March 2020, pursuant to 29 U.S.C. §1132(g)(2)(A);

(b) Interest on the delinquent amounts set forth in (a) calculated at a rate of one percent per month or portion of a month of the delinquency, pursuant to 29 U.S.C. §1132(g)(2)(B);

(c) $8,249.61 in liquidated damages (20% of the principal delinquency), pursuant to 29 U.S.C. §1132(g)(2)(C);

(d) Such additional principal amounts that become due during the pendency of this action, plus interest and liquidated damages thereupon, pursuant to 29 U.S.C. §1132(g)(2)(A)-(C);

(e) Reasonable attorneys' fees and costs, pursuant to 29 U.S.C. §1132(g)(2)(D); and

(f) Such other legal and equitable relief to which plaintiffs are entitled.

                        CLEARY, JOSEM & TRIGIANI LLP

BY:   /s/ Jeremy E. Meyer
       WILLIAM T. JOSEM, ESQUIRE
       JEREMY E. MEYER, ESQUIRE
       325 Chestnut Street, Suite 200
       Philadelphia, PA 19106
       (215) 735-9099

Dated: September 28, 2020